## PREST–O–LITE CO. v. BOURNONVILLE et ux.

(District Court, D. New Jersey. October 18, 1916.)

1. TRADE-MARKS AND TRADE-NAMES ⬿98, 93(1)—ON INFRINGEMENT COMPLAINANT ENTITLED TO ACCOUNTING OF PROFITS.

Where, in making sales of their product, defendants infringed complainant's trade-mark, the latter is entitled to the profits due to the use of the trade-mark; and where the entire profits are shown, but it is impossible for complainant to show what part was attributable to the trademark, the burden is cast on defendants to show what part, if any, was due to other causes.

2. TRADE-MARKS AND TRADE-NAMES ⬿89—STOCKHOLDER NOT INDIVIDUALLY LIABLE FOR PROFITS FROM INFRINGEMENT.

A stockholder cannot be held individually liable for profits realized by the corporation from infringement of a trade-mark, beyond the share of such profits received by him.

In Equity. Suit by the Prest-O-Lite Company against Camille Bournonville and Ida Bournonville, his wife. On exceptions to special master's report on accounting. Sustained in part, and overruled in part.

See, also, 260 Fed. 440, 442.

Keyes Winter, of New York City, for complainant.
W. P. Preble, of New York City, for defendants.

HAIGHT, District Judge. In the order of reference the master was directed to state and report the profits realized by the defendants up to and including the 18th of July, 1913, and the amount derived after that time. For the first period he has assessed against the defendants the sum of $3,541.45, and for the latter the sum of $9,340. As the relationship of the parties towards each other, and their connection with the business in which the profits were realized, were different during the two periods, it is necessary to consider the two awards separately. No objection is made to the amounts which the master found had been realized by some one during the respective periods; but it is primarily insisted that he was not justified, under the evidence, in finding that any profits had accrued to the defendant Camille Bournonville during the first period, because he testified that he then had no interest in the business; it having been a partnership composed of his wife, Ida Bournonville, and one Lewis Stever.

It was agreed between counsel at the argument that the record and testimony in the case of Commercial Acetylene Company and Prest-O-Lite Company v. Bournonville had, by stipulation of counsel, been considered by the master as part of the record in the case at bar. Considering that testimony in connection with the evidence given by Bournonville on the accounting proceedings in this suit, I think that the master was justified in finding, as he undoubtedly did, that up until the 1st day of July, 1913, the business had been conducted by Camille Bournonville jointly with Ida Bournonville; that, if there did not ostensibly exist between them a partnership, the venture in which they were engaged was a joint one. The version of his connection

with the business, given in the present suit, is so inherently improbable as to be absolutely unworthy of belief. In the Commercial Acetylene suit he sought, jointly with his wife, to recover from the present plaintiff, by way of damages, the profits which they would have realized from the same business as that in which he now claims that he had no interest, and of which profits they were jointly deprived by the injunction in that suit. All of his testimony in that suit indicated that he was jointly interested in the business with his wife; also in the present case, in one part of his testimony, he testified, "Mrs. Bournonville and Lewis Stever and myself recharged tanks at 43 Herman street for a period of one year;" that period being from the time that the business was begun until the injunction in the patent suit was issued.

It also appears from his testimony that when the corporation was formed, in July, 1913, $5,000 worth of stock (each share being of the par value of $100) was issued; that 250 of such shares were subsequently turned over to a Mr. Lawrence, one of the incorporators, for cash, and the remaining 250 shares divided between Camille Bournonville and his wife; that the property for which the stock was so issued had been acquired from the profits realized in the business which had been theretofore carried on at 43 Herman street. It is true that Bournonville further testified that he had carried on a welding business at that place, and that the stock which was issued to him represented the value of his welding business. But, of course, this testimony must be considered with all of the rest; and, as before stated, I think that the master was undoubtedly justified in finding that Camille Bournonville was jointly interested in the unlawful business with his wife. A careful reading of his testimony in both suits, indicates that he would not hesitate to testify as would best suit his interest, without regard to the actual facts. The profits having been realized by them jointly, either as partners or otherwise, and a debt thus created in favor of the plaintiff, on the theory of a trust ex maleficio, it needs no argument to demonstrate that they are jointly liable to the plaintiff for the same. I find, therefore, that in this aspect of the case there was no error on the master's part in assessing the damages for the first period against them jointly.

[1] But it is further urged that the master was not justified in attributing any part of the profits thus realized to the use of the trademark. With this contention I am unable to concur. It having been found that, in marketing their product in the way which they did, the defendants were infringing plaintiff's trade-mark, it follows that the latter was entitled to the profits realized on such infringing sales, due to the use of the trade-mark. The profits on such sales having been shown, and it being inherently impossible for the plaintiff to show what part of them were attributable to the use of the trade-mark, and what part, if any, to other causes, the burden was then cast upon the defendants to show what part, if any, were due to causes other than the use of the trade-mark. Hamilton-Brown Shoe Co. v. Wolf Bros., 240 U. S. 251, 36 Sup. Ct. 269, 60 L. Ed. 629. See, also, Westinghouse Co. v. Wagner Electric & Mfg. Co., 225 U. S. 604, 614, et seq., 32

Sup. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653. No attempt was made by the defendants to do so. The master, therefore, was clearly justified in awarding all of the profits of the business to the plaintiff.

As to the first period of time, therefore, the master's report will be confirmed, and a decree awarded the plaintiff against the defendants jointly for the sum of $3,541.45 and costs.

[2] As to the second period of time, a decidedly different state of affairs is presented. On July 1, 1913, the business which had theretofore been carried on by the Bournonvilles was incorporated, and through the corporation other persons acquired a substantial interest therein. The business was thereafter carried on by the corporation, but very largely under the management and control of Camille Bournonville. For the period of time after the incorporation until the Bournonvilles severed their connection with the corporation, the master has found that $9,340 was realized in profits. All of this sum he has assessed jointly against the two Bournonvilles. The theory upon which he did so has not been made to appear, except rather vaguely and quite unsatisfactorily, in the oral argument of counsel for the plaintiff. It cannot be presumed, in the absence of positive proof, that two stockholders of a corporation, who own only one-half of its capital stock, received all of the profits of the business which the corporation conducted. There is no proof to that effect. In a suit such as this the defendants are liable to account for such profits only as have accrued to themselves, and not for those which have accrued to another and in which they have had no participation. Belknap v. Schild, 161 U. S. 10, 25, 16 Sup. Ct. 443, 40 L. Ed. 599; Clark Thread Co. v. William Clark Co., 55 N. J. Eq. 658, 37 Atl. 599.

It follows, therefore, that the master's report awarding profits against the defendants jointly during the latter period of time cannot be confirmed, and the exceptions to that part thereof must be sustained. The matter will, however, be re-referred to him, to make a new report in accordance with the conclusions here announced, and additional testimony may be taken. He shall make an award of profits against the two defendants separately, not jointly, and only to the extent of the profits of the corporation which they have individually and respectively received.